(No. 1493— ▮▮▮▮▮)

MABEL A. WALSH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 10, 1930.*

EVAN L. SEARCY, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

This is a claim for $350.00 damages alleged to have been sustained by claimant as the result of her automobile skid-

ding into a small ditch on State Route No. 2 near Cobden. The substance of the declaration is that the State so negligently constructed the road at the place of the accident that dirt washed from the embankment on the side of the road onto the pavement and was negligently permitted to remain there by the employees of the State without warning signs being put up to notify claimant of its condition, and that on account of the condition of the road at said place the automobile of claimant skidded off the road and into a small ditch about twenty feet away.

All roads in the State built and maintained at public expense by the State, or by such governmental sub-divisions of the State as towns and counties, are public highways constructed and maintained for the benefit of the general public. They are the people's highways and in their construction and maintenance the people exercise their sovereign power. State Route No. 2, is such a highway. It was built by the State for general use and paid for out of the public funds. In its construction the State was in the exercise of its sovereign capacity. Neither the State, nor any sub-division of the State for governmental purposes, is liable for damages caused by either a defect in the construction of a public road or failure to maintain it in a safe condition for travel unless there is a statute expressly making it so liable. This principle of law has been so frequently announced by this court and our Supreme Court that a citation of cases is unnecessary.

As the Legislature has not passed any Act making the State liable for such damages as claimant alleges she sustained it follows no award can be allowed her.

The claim is therefore denied and the case dismissed.